MARGARET M. COWELL, ADMINISTRATRIX OF WILLIAM COWELL, DECEASED, PLAINTIFF-APPELLEE, v. THE PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted June 5, 1924—Decided September 29, 1924—Filed October 7, 1924.

**Negligence—Motor Vehicle Accident—Refusal to Nonsuit—Refusal to Direct Verdict—No Error Found.**

On appeal from the Hudson County Circuit Court.

Before Justices BLACK and CAMPBELL.

For the appellant, *Wall, Haight, Carey & Harlpence.*

For the appellee, *Alexander Simpson.*

PER CURIAM.

Plaintiff's intestate was the driver of a truck engaged in delivering timber at the Waldo avenue yard of the appellant at Jersey City, and while so engaged on February 6th, 1923, as he was in the act of driving his truck out of the yard, after a delivery to the defendant company, he was killed. His truck was struck by an engine running reversed at a speed of two or three miles an hour. The truck was overturned and pushed along several feet.

Plaintiff has a verdict and judgment theron for $9,250, and defendant appeals.

The grounds of appeal assigned and urged are:

1. Refusal of the trial court to grant a nonsuit.

2. Refusal of the trial court to direct a verdict.

At the trial the grounds urged for a direction of verdict were the same as those urged for a nonsuit. The reasons urged at the trial for a nonsuit were "that there is no negligence shown in the case attributable to the defendant upon

which liability may be predicated as charged in the complaint, and on the further ground that from the evidence now in it must be perfectly apparent that the decedent's contributory negligence was the producing cause of the injury, and death of the deceased." That decedent was in a portion of the yard to which his invitation did not require him to be; that he exceeded the bounds and limits of his invitation is suggested in the brief of the appellant, but this was nowhere urged at the trial, and cannot be urged here.

We think it would clearly have been error to nonsuit or direct a verdict upon either of the grounds urged. There was evidence from which it could have been found that due care upon the part of the engine driver would have caused him observe the presence of decedent's truck upon the crossing in time to bring his slowly moving engine to a standstill before reaching the truck. Again, there was evidence of a practice or custom of giving a signal of moving locomotives by bell or whistle, and from the fact that decedent had been in the yard on many occasions during a period of eight months, the jury could have found that he had knowledge of such custom or practice, and, under such circumstances, he would be justified in relying upon the giving of such signals. *Coyne* v. *Pennsylvania Railroad Co.*, 87 *N. J. L.* 257; *McNally* v. *Pennsylvania Railroad Co.*, 88 *Id.* 277.

It could, from the evidence, have been found that such signals were not given.

Again, the engine was backing and scarcely moving, a fact from which the jury might be justified in finding that decedent did not know it was in motion.

Under all the facts and circumstances it was not error to refuse to nonsuit or direct a verdict.

3. The court permitted the following question of the witness McLevy to be answered over objection:

*Q.* What was the custom you became aware of in reference to passing locomotives over this crossing? The witness had been in the habit of going into this yard every day for six or seven months before the happening in question, therefore he was qualified and competent to testify. The question was

directed to a subject relevant and material—that is, to a practice or custom in the yard.

There was no error in·overruling the objection.

4. The overruling of the objection to the question to witness Watson as being immaterial and irrelevant.

*Q.* Did you swear that it was customary to keep on ringing the bell until you got completely over the crossing?

The evident purpose was to get from the witness an admission that he had so testified at a previous trial, or, if he denied it, then to lay a foundation to contradict him by proving that he did so previously testify. Of course, the proper method was to place before the witness the question and answer as it appeared of record from the minutes of the previous trial or hearing. This, however was not the ground of objection stated.

The answer, however, was entirely harmless.

"*A.* I do not remember that." There was no effort later to prove that the witness had so testified. There was no error therein.

5. The overruling of the objection to the question to the witness Watson as immaterial and irrelevant——

"*Q.* Do you remember this being asked: '*Q.* What was the customary thing you did going over this crossing to attract the people using it?' and did you answer, '*A.* I stated before to ring the bell and blow the whistle.' "

The answer thereto was "I must have, if it is there."

We are unable to discover any error in this ruling. The purpose of the question was to secure an admission from the witness that he had so testified upon a previous trial, hearing or examination, and the method of doing so was proper, by presenting to the witness the question and answer, the admission as to which was sought.

6. The remaining reasons are numbers seven, eight, ten and eleven of the grounds of appeal attacking as erroneous certain portions of the charge of the court below, and number twelve of the grounds of appeal, which charges error generally.

We find no error in the charge as attacked. It correctly charges the principles and rules applicable to the case.

Finding no error the judgment below is affirmed, with costs.